IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02621-BNB

JOSE LOUIS HERRERA,

    Applicant,

v.

J. M. WILNER,

    Respondent.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2009

GREGORY C. LANGHAM
                      CLERK

---

ORDER OF DISMISSAL

---

Applicant Jose Louis Herrera is a prisoner in the custody of the United States Bureau of Prisons (BOP). At the time he initiated the instant action, he was incarcerated at the Federal Correctional Institution in Florence, Colorado. On March 18, 2009, he sent a Notice of Change of Address to the Court, in which he indicates he now is housed at the Federal Correctional Institution in Greenville, Illinois.

Mr. Herrera has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on February 6, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. On February 26, 2009, Respondent filed a Preliminary Response. Mr. Herrera filed a Letter on March 30, 2009, that in part is a Reply to the Preliminary Response.

The Court must construe the Application and the Reply liberally because Mr. Herrera is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Herrera is challenging the validity of a prison disciplinary conviction, in which a Disciplinary Hearing Officer (DHO), subsequent to a hearing on April 18, 2008, found him guilty of an August 18, 2007, escape. (Application at 2.) Mr. Herrera asserts three due process violation claims regarding the disciplinary proceeding, including that (1) there was an eight-month delay in conducting his disciplinary hearing, and as a result he was not able to call witnesses to testify; (2) he was not served with a notice of the infraction within twenty-four hours of when the staff became aware of the incident; and (3) he was not afforded due process in keeping with *Sandin v. Conner*, 515 U.S. 472 (1995). (Application at 3.)

In answer to Questions One and Two, on Page Two of the Application form, Mr. Herrera asserts that he did not exhaust his administrative remedies with respect to his claims, but that "under law [he] went straight to BP 10." Mr. Herrera also, on Page Three of the Application form, under Section Three, Subpart B., asserts that he submitted both a BP 10 appeal and a BP 11 appeal to appropriate prison personnel regarding his claims, but the appeals were rejected.

Respondent argues that this action should be dismissed because Mr. Herrera has failed to exhaust administrative remedies. Respondent maintains that Mr. Herrera

failed to raise his claims on appeal in a timely and proper manner. (Preliminary Resp. at 5-6.)

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners like Mr. Herrera. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15. The BOP administrative remedy procedure, however, provides that a DHO appeal is submitted initially to the Regional Director for the region where the inmate currently is located. *See* 28 U.S.C. § 542.14(d)(2).

The BOP administrative remedy program also provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates

3

a valid reason for delay." 28 C.F.R. § 542.14(b). A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. 28 C.F.R. § 542.17(a). When a grievance or appeal is rejected, the inmate is provided with a written notice explaining the reason for the rejection, and if the reason for the rejection is correctable the inmate is given a reasonable time to correct the defect. 28 C.F.R. § 542.17(b).

Respondent asserts that a review of the SENTRY database and the files maintained by the BOP reveals that Mr. Herrera filed a Request for Administrative Remedy with the Regional Office on August 25, 2008, and that the request was rejected because Mr. Herrera did not provide a copy of the DHO's report or identify the charges and date of the disciplinary action he was appealing. (Preliminary Resp. at 5-6.) Respondent further asserts that Mr. Herrera was given fifteen days to cure the defect, and rather than curing the defect he filed a second request with the Regional Office on September 22, 2008, that was denied as untimely. (Preliminary Resp. at 6.) Mr. Herrera appealed the denial of the second request to the Central Office, but the Central Office affirmed the Regional Office's denial. (Preliminary Resp. at 6.) Respondent concludes that because Mr. Herrera failed to comply with procedural requirements his request has not been accepted or considered on the merits. (Preliminary Resp. at 6.) Nothing that Mr. Herrera states in either the Application or the Reply counters Respondent's assertions.

Mr. Herrera is required to follow the procedures set forth in 28 C.F.R. §§ 542.13–542.15 to exhaust his administrative remedies. Mr. Herrera may not exhaust his "administrative remedies by, in essence, failing to employ them." *See*

***Jernigan v. Stuchell***, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the Court finds that Mr. Herrera failed to exhaust his administrative remedies.

Even if Mr. Herrera had exhausted his remedies with respect to Claims Two and Three, the claims lack merit and are subject to dismissal. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." ***Wolff v. McDonnell***, 418 U.S. 539, 556 (1974). Instead, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. ***See id.*** at 563-66; ***Smith v. Maschner***, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. ***Superintendent, Mass. Correctional Inst., Walpole v. Hill***, 472 U.S. 445, 454 (1985); ***Mitchell v. Maynard***, 80 F.3d 1433, 1445 (10th Cir. 1996).

Nothing Mr. Herrera asserts in either Claim Two or Claim Three states a violation of the ***Wolff*** requirements. In Claim Two, Mr. Herrera misstates the requirements under ***Wolff*** by asserting that he did not receive a notice of the incident within twenty-four hours of the incident taking place. The requirement is that he receive a notice of the charges against him within twenty-four hours prior to the hearing being held. Mr. Herrera does not assert that he had less than a twenty-four-hour notice of the

5

disciplinary hearing. As for Claim Three, Mr. Herrera does not assert any specific facts that would support a violation of his due process rights under *Wolff*. Nonetheless, the action will be dismissed for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Herrera failed to exhaust his administrative remedies.

DATED at Denver, Colorado, this 6 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02621-BNB

Jose Luis Herrera
Reg. No. 32562-180
FCI - Florence
PO Box 6000
Florence, CO 81226

J. Benedict García
Assistant United State Attorney
**DELIVERED ELECTRONICALLY**

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/8/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk